UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SUZANNE KUNTZE,

    Plaintiff,

v.                                      Case No.: 2:18cv38

JOSH ENTERPRISES, INC., d/b/a,
*JACKSON HEWITT TAX SERVICE*,

    Defendant.

## MEMORANDUM OPINION

The parties have submitted a Joint Motion for Approval of Settlement and Dismissal, ECF No. 26, along with a copy of the Settlement Agreement, ECF No. 26-2, and a joint memorandum in support, ECF No. 27, seeking dismissal with prejudice of this action filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons stated below, the Court **DENIES** the motion for settlement approval **without prejudice**.

### I. STANDARD

"Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Lynn's Food Stores, 679 F.2d at 1352 (internal quotation marks and citations omitted). As a result, "[t]here are

only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id. Back wage claims under the FLSA may be settled only (1) by a payment of unpaid wages supervised by the Department of Labor, or (2) by a "stipulated judgment" entered by a court. Id. at 1355. If the stipulated judgment proposed by the parties reflects "resolution of a bona fide dispute," id., and is "a reasonable compromise over [the] issues," the court may approve it "in order to promote the policy of encouraging settlement of litigation," id. at 1354.

Thus, a district court must first assess whether "there are FLSA issues that are 'actually in dispute.'" Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414, at *7(D. Md. 2013) (quoting Lane v. Ko-Me, LLC, No. DKC-10-2261, 2011 U.S. Dist. LEXIS 97870, at *3 (D. Md. 2011)). Next, the district court must determine whether the settlement is "a reasonable compromise over [the] issues." Lynn's Food Stores, 679 F.2d at 1354. While the United States Court of Appeals for the Fourth Circuit has not squarely addressed the factors to be considered in determining a "reasonable compromise" in an FLSA settlement, district courts usually consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel ...; and (6) the probability of plaintiffs' success on the merits and

2

the amount of the settlement in relation to the potential recovery.

Saman, 2013 U.S. Dist. LEXIS 83414, at *7-8 (quoting Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08-cv-1310, 2009 U.S. Dist. LEXIS 89136, at *29 (E.D. Va. June 23, 2009), report and recommendation adopted by Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08-cv-1310, 2019 U.S. Dist. LEXIS 89129, at *5 (E.D. Va. Sept. 28, 2009)) (internal quotation marks omitted) (alterations in original). "Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Id. (quoting Ko-Me, LLC, 2011 U.S. Dist. LEXIS 97870, at *7).

## II. ANALYSIS

### A. FLSA Issues Actually in Dispute

To determine whether there is an actual dispute about Defendant's liability under the FLSA, the Court may examine the pleadings as well as the representations made in the Settlement Agreement. Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014). It is clear from the pleadings as well as the instant motion that there are several FLSA issues in dispute in this case: (1) Plaintiff claims she was misclassified as exempt from overtime

but Defendant maintains that she was properly classified, (2) Plaintiff claims she is owed a time and a half rate for her overtime hours whereas Defendant claims she should be compensated under the half-time rate of the fluctuating workweek method, and (3) Plaintiff claims that the misclassification was willful and Defendant maintains that it was not. Joint Memo 4, ECF No. 27. Moreover, this Court is confident that a bona fide FLSA dispute exists because, prior to the instant motion being filed, it conducted a hearing and issued an opinion on Defendant's motion to dismiss that analyzes such disputes in detail. Opinion and Order, ECF No. 23. Accordingly, the Court finds that an actual dispute exists as to Plaintiff's FLSA claims.

### B. Fairness and Reasonableness

As noted above, the Court should consider several factors in deciding whether the settlement is fair and reasonable, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Saman, 2013 U.S. Dist. LEXIS 83414, at *8 (quoting Lomascolo, 2009 U.S. Dist. LEXIS 89136, at *29) (internal quotation marks omitted) (alterations in original). The proposed settlement amount for

back wages and liquidated damages, as stated in the Settlement Agreement, is $14,868, which is approximately 57% of the amount that Plaintiff would have been entitled to recover were she to prevail on her claims.[1] With this figure in mind, the Court considers the factors listed above.

First, formal discovery has not commenced at this time. However, in the Complaint and the parties' briefing on the motion to dismiss, the parties did exchange some information and documents related to Plaintiff's hours, her employment agreements, and the amount she was paid. See Compl. Ex. A-G, ECF No. 1; Def. Mot. to Dismiss Ex. A-F, ECF No. 10. Although formal discovery can assure that the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case'", Lomascolo, 2009 U.S. Dist. LEXIS 89136, at *31 (quoting In re A. H. Robins Co., 88 B.R. 755, 760 (E.D. Va. 1988)), it can be beneficial to settle a case before discovery as a way to save resources, especially in a case like this where some documents and information have already been shared between the parties, see Duprey, 30 F. Supp. 3d at 409 (finding a settlement agreement for approximately 60% of back wages reasonable where the parties had

---

[1] The memorandum of law states that the Plaintiff will receive a different amount: $12,774.45. Joint Memo 4. For the purpose of this analysis the Court looks to the actual Settlement Agreement signed by the parties as the correct amount. Settlement Agreement, ECF No. 26-2.

exchanged certain information about the Plaintiff's schedule and damages calculation but had not begun formal discovery).

Second, the proceedings are still in a relatively early stage. The Court recently granted a motion to dismiss and Defendant has yet to file an answer. The likely expense and duration of pursuing the action from this point all the way to trial weighs in favor of finding the settlement fair and reasonable because the requested damages ($25,763.34) are relatively low in comparison to what it would cost in time and money to pursue this action further.

Third, nothing suggests that there has been any fraud or collusion between counsel. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." Lomascolo, 2009 U.S. Dist. LEXIS 89136, at *32. The parties agree that "[t]he settlement was negotiated at arm's length during a period of more than two and a half months involving numerous exchanges between the Parties." Joint Memo 3. Because no evidence has been presented to the contrary, the Court finds that the Settlement Agreement is not the product of fraud or collusion.

Fourth, the Court is satisfied that counsel in this case are sufficiently experienced and have been competent in their representation. The pleadings, briefs, and arguments presented by counsel indicate that they possess sufficient "knowledge of the procedures in this court, the applicable law, and the factual basis

for the claims and defenses necessary to provide competent legal advice to their respective clients." Hargrove v. Ryla Teleservs., Inc., No. 2:11cv344, 2013 U.S. Dist. LEXIS 63902, at *13 (E.D. Va. Apr. 12, 2013), report and recommendation adopted by Hargrove v. Ryla Teleservs., Inc., No. 2:11cv344, 2013 U.S. Dist. LEXIS 63757, at *7 (E.D. Va. May 3, 2013).

Fifth, counsel's opinion of the fairness and reasonableness of a settlement "is to be afforded some weight." Lomascolo, 2009 U.S. Dist. LEXIS 89136, at *35. Both counsel for Plaintiff and counsel for Defendant have endorsed the Settlement Agreement as fair and reasonable in this case, which weighs in favor of finding it fair and reasonable. Joint Memo 4-5.

Sixth, and finally, the Court considers whether the amount of the settlement is fair and reasonable in light of the claims, defenses, and the probability of recovery. The parties dispute the following overtime claims: (1) whether Plaintiff was misclassified as exempt from overtime, (2) whether Defendant intentionally misclassified Plaintiff as exempt from overtime, (3) what overtime rate Plaintiff would be entitled to if she prevailed (time-and-a-half or half-time). See Joint Memo 4. As already explained, the parties have agreed to a settlement amount of $14,686 to compensate Plaintiff for her back wages and liquidated damages, plus an additional amount for attorneys' fees. This represents approximately 57% of the $25,763.34 that Plaintiff

7

could recover if she were to prevail on all three issues pertaining to her overtime claim. As mentioned in the Settlement Agreement and discussed in detail in the opinion and order denying Defendant's motion to dismiss, Defendant has already paid Plaintiff a portion of the settlement amount, which reflects the amount Plaintiff would receive if she prevailed and her overtime was calculated at the half-time rate. Settlement Agreement 1; Opinion and Order, ECF No. 23. The Court denied the motion to dismiss because there was a possibility that Plaintiff was entitled to more money. Based on the Court's knowledge from its consideration of the motion to dismiss as well as the parties' representations in the instant motion, even though there is a possibility that Plaintiff is entitled to full recovery, there is also a possibility that Plaintiff is entitled to a lesser amount of damages or to no damages at all. Thus, the probability of full recovery is not so great as to outweigh the benefits of settlement in this case. Accordingly, a recovery just above 50% of what Plaintiff could receive is fair to both parties.

Additionally, the Court looks to the language of the legal release in the Settlement Agreement to determine if it is broader than the FLSA claims and, if broad, whether Plaintiff has been "independently compensated" for her broad release. Hendrix v. Mobilelink Va., LLC, No. 2:16cv394, 2017 U.S. Dist. LEXIS 86982, at *7 (E.D. Va. May 26, 2017). "[A]n overly broad release

provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint." Saman, 2013 U.S. Dist. LEXIS 83414, at *14. Where the release provision "'does not track the breadth of the allegations in [the] action,'" the parties must show whether the plaintiff has been "'independently compensated for the broad release of claims unrelated to any dispute regarding FLSA coverage or wages due.'" Hendrix, 2017 U.S. Dist. LEXIS 86982, at *7 (quoting McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 U.S. Dist. LEXIS 179635, at *15 (N.D. Cal. 2012)). Here, the language of the legal release in the Settlement Agreement appears fair and reasonable as it is limited to claims "arising out of or relating to the payment or non-payment of wages related to [Plaintiff's] employment with [Defendant]." Agreement at 2, ECF No. 26-2. A narrowly tailored release, such as this, that only includes claims related to Plaintiff's FLSA wage dispute against Defendant, is reasonable. See Saman, 2013 U.S. Dist. LEXIS 83414, at *14. Accordingly, the Court finds that the settlement amount is reasonable in relation to the claims in the Complaint and the claims released in the Agreement.

Synthesizing the factors above, the Court finds that the Settlement Agreement, aside from the attorneys' fees, is fair and reasonable. In order to be able to approve the Settlement

9

Agreement, the Court must next evaluate whether the attorneys' fees are reasonable in this case.

### C. Attorneys' Fees

An independent assessment of attorneys' fees is usually done using the principles of the lodestar method. Ko-Me, LLC, 2011 U.S. Dist. LEXIS 97870, at *7. To determine the lodestar amount, the Court must "multiply[] the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). "It follows that parties seeking approval of an award of attorneys' fees must provide the court with the means for making this assessment, e.g., declarations establishing the hours expended, broken down for each task, and demonstrating that the hourly rate was reasonable." Ko-Me, LLC, 2011 U.S. Dist. LEXIS 97870, at *8. If fees were calculated on a contingent fee basis, a court may only approve the settlement if its finds "(1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach." Ovalle v. LTTC Enters., No. 8:14-cv-02038-PWG, 2014 U.S. Dist. LEXIS 113990, at *5 (D. Md. Aug. 13, 2014).

In analyzing the overall reasonableness of a fee request, the Fourth Circuit has instructed district courts to consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Randolph v. Powercomm Constr., Inc., 715 F. App'x 227, 230 n.2 (4th Cir. 2017). The fee applicant bears the burden of proving the reasonableness of the requested hourly rates, and "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Grissom v. Mills Corp., 549 F.3d 313, 321 (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990) (internal quotation marks and citations omitted)); accord Westmoreland Coal Co. v. Cox, 602 F.3d 276, 290 (4th Cir. 2010); Robinson, 560 F.3d at 244. In this connection, the Fourth Circuit has explained:

> The prevailing market rate may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of actual rates which counsel can command in the market.

Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987); see also Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986) (noting the "customary" practice of submitting "affidavits from other area attorneys as evidence that [the] requested rates were within the market rates generally charged for similar services").

Here, Plaintiff has only provided the Court with a dollar amount that will be paid for attorneys' fees. Settlement Agreement 1; Joint Memo 4. There is no indication of whether those fees were determined on an hourly or contingent basis. The parties have not provided the Court with any breakdown of the hours and rates as is necessary for the Court to conduct an adequate assessment of the agreed upon attorneys' fees. Moreover, there is a lack of clarity about the actual amount of attorneys' fees. While the Settlement Agreement states that the fees are $4,294, the memorandum of law in support states that the attorneys' fees are $6,387.22. Settlement Agreement 1; Joint Memo 4.

For the Court to make its determination, the parties must provide the Court with the correct amount of attorneys' fees. Additionally, if the fee was determined on an hourly basis, Plaintiff must provide the Court with a breakdown of the hours and the hourly rate, as well as support for the reasonableness of the hourly rate based on the factors articulated above. Saman, 2013 U.S. Dist. LEXIS 83414, at *19. If the fee was determined on a contingent basis, the Court must be provided with information about

how the fee was negotiated separately, the contingent fee rate, as well as information to support the reasonableness of the rate. See Ovalle, No. 8:14-cv-02038-PWG, 2014 U.S. Dist. LEXIS 113990, at *5. Accordingly, without this information from the parties, the Court cannot find that the fees are reasonable, and thus, cannot approve the settlement.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** the motion for settlement approval. The parties are **DIRECTED** to address the Court's concerns about the attorneys' fees and resubmit the matter within twenty-one (21) days. The Clerk is **REQUESTED** to send a copy of this Memorandum Opinion to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 20, 2019